# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **Cr. ID No. 1210019908** |
| | ) | |
| **ERIC HOLMES,** | ) | |
| **Defendant.** | ) | |
| | ) | |

*Upon the* **Defendant's** *Motion to Compel the Production of Discovery*
## DENIED

*Submitted:   August 16, 2016*
*Decided:     August 17, 2016*

## ORDER

Upon consideration of Defendant's Motion to Compel the Production of Discovery, the Court makes the following findings:

1.      On October 27, 2012, Defendant, Eric Holmes, was one of the occupants of a vehicle that was the subject of a police stop in the 800 block of North Spruce Street.  A reliable confidential informant had advised Wilmington Police that within that vehicle was a firearm.  Upon arrival, police located the vehicle which was occupied by Holmes, codefendant Oliver Smith, and occupants Latisha Powell and Deoddrick Purnell.  All occupants were asked to exit the vehicle, all complied and were placed in custody.  A black Ruger "single six" .22 revolver was found in Holmes waistband which was loaded with five .22 caliber Remington rounds.  Inside his left leg pant pocket was one clear bag containing six

Endocet pills and eight Alprazolam (Xanax) pills. A black Intratec 9mm Luger Tec 9 was found in codefendant Smith's waistband which was loaded with thirty 9 mm Luger rounds with one in the chamber. Occupants Powell and Purnell were questioned and released. Codefendant Smith was sentenced to Carrying a Concealed Deadly Weapon to two years Level V suspended for six months Level V, DOC discretion on September 13, 2013. Holmes was charged with Possession of a Firearm by a Person Prohibited, two counts of Carrying a Concealed Deadly Weapon and Illegal Possession of a Controlled Substance.

2. Following trial on July 18, 2013, a jury found Holmes guilty of Possession of a Deadly Weapon by a Person Prohibited. Holmes was also declared an habitual offender, and he was sentenced on May 16, 2014, effective March 7, 2013 to sixteen (16) years at Level V with credit for seven days previously served followed by six months at Level IV DOC discretion, followed by 6 months at Level III. The Delaware Supreme Court affirmed Holmes' conviction on January 29, 2015.

3. Holmes filed a Motion for Appointment of Counsel. Counsel was appointed to represent Holmes on March 12, 2015.

4. Holmes now seeks a Court order compelling the State to produce additional information regarding its investigation. Specifically, Holmes requests: (1) the statements of L. Powell and D. Purnell (2) DNA results; (3) ballistic results.

2

5.    Rule 61 does not contain a specific provision allowing a defendant to receive discovery.  However, the Court possesses "inherent authority under Rule 61 in the exercise of its discretion to grant particularized discovery for good cause shown."[1] In allowing discovery, the Court will not allow a defendant "to go on a fishing expedition through the government's files in hopes of finding some damaging evidence."[2]  In order to determine whether a Rule 61 discovery request should be granted, the court must determine whether the defendant has presented a compelling reason for the discovery.[3]

6.    Under *Brady*, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused violates due process when the evidence is material to either guilt or punishment, irrespective of good faith or bad faith of the prosecutor."[4]  Favorable evidence is evidence that is exculpatory and impeaching, as well as explicit and implicit leniency offers to witnesses.[5] Furthermore, the timing of the disclosure is relevant and reversal of a conviction

---

[1] *State v. Jackson*, 2006 WL 1229684, *2 (Del. Super. Ct. May 3, 2006)
[2] *Id.* (*citing Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994).
[3] *Dawson v. State*, 673 A.2d 1186, 1198 (Del. 1996) (materials requested "[were] not discoverable under a good cause standard because [defendant] has shown no compelling reason for their discovery"); *see also State v. Cabrera*, 2008 WL 3853998, *4 (Del. Super. Ct.  Aug. 14, 2008).
[4] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).
[5] *See United States v. Bagley*, 473 U.S. 667, 675-76 (1985); *Giglio v. United States* 405 U.S. 150 (1972); *Roviaro v. United States*, 353 U.S. 53 (1957); *Jackson v. State*, 770 A.2d 506, 514 (Del. 2001).

3

due to a delayed disclosure of *Brady* material "will be granted only if the defendant was denied the opportunity to use the material effectively."[6]

7.     As Holmes concedes in his motion, all evidence subject to Rule 61 discovery was turned over long ago.  In any case, Holmes has failed to demonstrate a compelling reason for the discovery of the requested evidence – even if the additional evidence exists.

**NOW, THEREFORE, IT IS HEREBY ORDERED this August 17, 2016 Defendant Eric Holmes' Motion to Compel the Production of Discovery is hereby DENIED.**

*Andrea L. Rocanelli*

_____
**Honorable Andrea L. Rocanelli**

---

[6] *Atkinson v. State*, 778 A.2d 1058, 1062 (Del. 2001).

4